**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 15-1331

———————————

CARLA CALOBRISI,

Plaintiff - Appellant,

v.

BOOZ ALLEN HAMILTON, INC.,

Defendant - Appellee.

------------------------

AARP,

Amicus Supporting Appellant.

———————————

No. 15-1399

———————————

CARLA CALOBRISI,

Plaintiff - Appellee,

v.

BOOZ ALLEN HAMILTON, INC.,

Defendant - Appellant.

------------------------

AARP,

Amicus Supporting Appellee.

———————————

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:14-cv-00996-AJT-MSN)

Argued: March 24, 2016                    Decided: August 23, 2016

Before GREGORY, Chief Judge, and MOTZ and KEENAN, Circuit Judges.

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

**ARGUED:** Linda Marie Correia, CORREIA & PUTH, PLLC, Washington, D.C., for Appellant/Cross-Appellee. Stephen William Robinson, MCGUIREWOODS LLP, Tysons Corner, Virginia, for Appellee/Cross-Appellant. **ON BRIEF:** Amber C. Trzinski Fox, Jonathan C. Puth, CORREIA & PUTH, PLLC, Washington, D.C.; John R. Ates, ATES LAW FIRM, Alexandria, Virginia, for Appellant/Cross-Appellee. Melissa L. Taylormoore, Sarah A. Belger, MCGUIREWOODS LLP, Tysons Corner, Virginia, for Appellee/Cross-Appellant. Daniel B. Kohrman, Laurie A. McCann, Dara S. Smith, AARP FOUNDATION LITIGATION, Washington, D.C., for Amicus Curiae.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case principally involves Carla Calobrisi's contention that the district court erred in granting summary judgment to Booz Allen Hamilton, Inc. on her age- and gender-based employment discrimination and retaliation claims.

Booz Allen is a professional services consulting firm with offices throughout the country and around the globe. Beginning in 2000, Calobrisi worked in the company's Law Department. In 2004, Booz Allen promoted her to Principal, and she remained in that position and gained more responsibility over the years, until 2011.

On January 20, 2011, her supervisors met and agreed to demote Calobrisi (then age fifty-five) back to the Senior Associate level and to transfer many of her responsibilities to two younger women. At a meeting on January 26, her supervisors informed her of the demotion, explaining that it was due to workload changes and not her performance; they also told her that the demotion was non-negotiable. Although disappointed, Calobrisi remained in her position. Shortly after her demotion she sought Principal positions in other Booz Allen departments but was informed that her reputation had been ruined by the demotion. After Calobrisi raised concerns that her demotion was the result of age and gender discrimination, her supervisor suggested that she transition out of Booz Allen if she harbored

3

such concerns. Calobrisi left Booz Allen on October 31, 2011. The company selected a thirty-one-year-old male to fill her position.

On May 31, 2013, Calobrisi filed a complaint in the District of Columbia Superior Court alleging sex-based discrimination under Title VII, age-based discrimination under the Age Discrimination in Employment Act, violations of the District of Columbia Human Rights Act, and retaliation claims associated with each of these claims. Booz Allen removed the case to the United States District Court for the District of Columbia where, after discovery on jurisdictional and venue issues, the court dismissed the Human Rights Act claims. The court then transferred the case to the District Court for the Eastern District of Virginia because most of the alleged acts took place in McLean, Virginia. On March 24, 2015, the district court granted Booz Allen's motion for summary judgment on Calobrisi's discrimination and retaliation claims, but denied Booz Allen's motion for Rule 11 sanctions. Both parties noted appeals to this Court.

We review a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party and making all reasonable inferences in her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). To survive summary judgment, a plaintiff must establish

4

a genuine dispute of material fact supporting her claims. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We affirm, on the reasoning of the district court, the grant of summary judgment to Booz Allen on Calobrisi's retaliation claim and to Calobrisi on Booz Allen's request for sanctions. For the following reasons, however, we reverse the grant of summary judgment to Booz Allen on Calobrisi's discrimination and constructive discharge claims.

Calobrisi has chosen to pursue her claims under the McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). There are three steps to the McDonnell Douglas framework: (1) the plaintiff starts with the burden of establishing a prima facie employment discrimination case;[1] (2) once the plaintiff meets that burden,

---

[1] To establish a prima facie case of gender-based employment discrimination under Title VII, Calobrisi must show "(1) she is a member of a protected class; (2) she suffered adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position . . . was filled by similarly qualified applicants outside the protected class." Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc). The same analysis is conducted for age discrimination claims, except that the replacement employee need only be "substantially younger" rather than outside the protected class. Dugan v. Albemarle Cty. Sch. Bd., 293 F.3d 716, 721 (4th Cir. 2002).

the employer must articulate[2] a legitimate, non-discriminatory reason for taking the adverse employment action at issue; (3) finally, the burden shifts back to the plaintiff to show that the stated reason for the adverse employment action is a mere pretext for a true discriminatory purpose.  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-56 (1981).  In the third step, "the burden to demonstrate pretext merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination."  Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 285 (4th Cir. 2004) (en banc) (alteration in original) (internal quotation marks omitted).

The parties and the district court agree that Calobrisi established a prima facie case and that Booz Allen presented a non-discriminatory justification.  The determinative question, therefore, is did Calobrisi produce sufficient evidence for a jury to conclude that the stated reason for her demotion was pretext disguising a discriminatory purpose.

Calobrisi alleges that Booz Allen maintained a glass ceiling that prevented female employees, particularly those who were older or in higher ranking positions, from advancing.

---

[2] The burden at this step is one of production, not persuasion.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).

6

According to Calobrisi, her demotion resulted from her running headfirst into that glass ceiling. To support this theory, Calobrisi offers "other employee" evidence,[3] which consists of the testimony of seven former Booz Allen employees, all middle-aged women, who contend that they had been targeted for adverse employment actions similar to those that Calobrisi experienced. The district court, summarily concluding that this other employee evidence would not be admissible at trial, did not consider this evidence when ruling on Booz Allen's motion for summary judgment.

The Supreme Court, however, has held that other employee evidence "is neither per se admissible nor per se inadmissible." Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 381 (2008). Rather, a court must engage in the standard admissibility inquiry for each piece of other employee evidence. That is, the court must determine if the evidence is relevant under Rule 401, and, if so, whether it should nevertheless be excluded under Rule 403. Id. at 387-88. The question of whether other employee evidence is relevant "is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." Id. at 388.

---

[3] The parties and district court have referred to this testimony as "me-too," "other employee," and "pattern and practice" evidence.

7

The factors that courts consider when determining the admissibility of this evidence include: whether the other discriminatory behavior described "is close in time to the events at issue in the case, whether the same decisionmakers were involved, whether the witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated." Griffin v. Finkbeiner, 689 F.3d 584, 599 (6th Cir. 2012) (quoting Elion v. Jackson, 544 F. Supp. 2d 1, 8 (D.D.C. 2008)). "As a general rule, the testimony of other employees about their treatment by the defendant is relevant to the issue of the employer's discriminatory intent." Spulak v. K Mart Corp., 894 F.2d 1150, 1156 (10th Cir. 1990).

The district court did not individually analyze each piece of other employee evidence pursuant to factors like those listed in Griffin. Nor did the court determine "how closely related the evidence [was] to [Calobrisi's] circumstances and theory of the case." Sprint, 552 U.S. at 388. Rather, in a single sentence, the court conducted very nearly its entire admissibility analysis, calling the witnesses "former employees who held a variety of jobs, at a variety of times between 2007 and 2014, under a variety of managers, in different aspects of the Booz Allen organization." This analysis ignores both the similar treatment experienced by Calobrisi and the other

8

employee witnesses and the overlap of several decisionmakers at Booz Allen. This approach is not the one contemplated by the Supreme Court in Sprint.

The district court also placed too much emphasis on its concern with "mini-trials." While this concern "is legitimate," accommodating it in every case "would tend to exclude any 'other acts' evidence, regardless of how closely related it is to the plaintiff's circumstances." Griffin, 689 F.3d at 600. Rather, a court should analyze whether the probative value of the other employee evidence outweighs the potential for distraction.

On remand, the district court may find that some of Calobrisi's proffered other employee evidence is admissible, and thus relevant for summary judgment purposes. For example, the court could determine that some of the other employees' testimony is relevant based on the common decisionmakers involved in the witnesses' departures and the similarities of the departures' circumstances. For example, members of Booz Allen's all-male "Leadership Team" triggered several of the departures and each featured an abrupt demotion or revocation of responsibilities after years of positive reviews, leading to a separation from Booz Allen employment that the company characterized as voluntary but that the witnesses characterized differently.

From our vantage point, this evidence appears relevant but "because the inquiry required by [Rules 401 and 403] is within the province of the [d]istrict [c]ourt in the first instance," Sprint, 552 U.S. at 388, we remand the case to that court. On remand, the court can determine whether this evidence would be admissible at trial and whether it creates a genuine dispute of material fact such that Calobrisi's discrimination and constructive discharge claims should survive summary judgment.[4]

AFFIRMED IN PART AND
VACATED AND REMANDED IN PART

---

[4] On remand, the district court should also reconsider the other evidence of discrimination Calobrisi presented. Calobrisi proffered evidence that Booz Allen's reasons for her demotion shifted, that those reasons were false, that Booz Allen attempted to obfuscate the decisionmaker, and other circumstantial evidence. When considered along with the other employee evidence, and in the light most favorable to Calobrisi, this circumstantial evidence of intent may present a genuine dispute of material fact that precludes summary judgment.